Chris W. Arlegde (Bar No. 200767)
E-mail: carlegde@turnergreen.com
Imran F. Vakil (Bar No. 248859)
E-mail: ivakil@turnergreen.com
**TURNER GREEN LLP**
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone:   (714) 434-8750
Facsimile:    (714) 434-8756

Mathew K. Higbee (Bar No. 241380)
Jennifer Strange (Bar No. 261353)
**LAW OFFICES OF MATHEW HIGBEE**
1901 Newport Blvd., Suite 350
Costa Mesa, CA 92627
Telephone:  (714) 361-1967
Facsimile:  (866) 534-7049

Attorney for Plaintiff
LAW OFFICES OF MATHEW HIGBEE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION-SANTA ANA COURTHOUSE

| | |
|---|---|
| **LAW OFFICES OF MATHEW HIGBEE**, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**EXPUNGEMENT ASSISTANCE SERVICES**, a Kentucky Corporation,<br><br>Defendant. | ) Case No. SACV 09-651 MLG<br>) Hon. Marc L. Goldman<br>)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANT'S MOTION TO**<br>) **DISMISS FOR LACK OF**<br>) **PERSONAL JURISDICTION;**<br>) **MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES;**<br>) **DECLARATION OF MATHEW**<br>) **HIGBEE**<br>)<br>) DATE: June 30, 2009<br>) TIME:  10:00 A.M.<br>) COURTROOM: 6A<br>) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

## MEMORANDUM OF POINTS AND AUTHORITES

## I.   INTRODUCTION

This case arises out of the unauthorized practice of law by Expungement Assistance Services within the state of California.  One of Plaintiff's beliefs in bringing its complaint is that it will further protect California residents from harm that would be caused by Defendant's unauthorized practice of law.  Ironically, Defendant, by and through its attorney, now bring a motion to dismiss for lack of personal jurisdiction without a fundamental understanding of "minimum contacts" and without any respect for the local rules.

Notwithstanding Defendant's failure to contact Plaintiff or its representative prior to filing its motion in violation of local rule 7-3, Defendant fails to provide a single good faith argument in its 12(b)(2) motion to dismiss.  Under the liberal pleading standard of Rule 8, a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Clearly, plaintiff has done so by alleging in its complaint that Defendant: 1) has affiliated locations in California; 2) has extensively advertised in California, and directed itself to forum residents; 3) purports to offer services to be performed in California courts; and 4) is causing substantial harm by engaging in the unauthorized practice of law within the state, whereby significant harm is being felt.

In response, Defendant declares that it has engaged in substantial volume of business it conducts in California.  Specifically "Defendant has helped 567 customers in California, which makes 225 California customers every year." Moreover, Defendant's Website indicates that Defendant has had office locations in both Glendale and Gardena, California.  Because of the frequency of contact between Defendant and the forum residents, and representations of having California offices on its website, there is no doubt that Defendants retain sufficient contacts with this state to support a finding of either limited or general jurisdiction.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  **II.   DEFENDANT HAS FAILED TO MEET ITS OBLIGATIONS UNDER**
2  **RULE 7-3, AND ITS MOTION SHOULD BE DISMISSED**
3  **ACCORDINGLY.**

4  L.R. 7-3 provides: "all cases not listed as exempt in L.R. 16-12, and except in
5  connection with discovery motions (which are governed by L.R. 37-1 through 37-4)
6  and applications for temporary restraining orders or preliminary injunctions,
7  counsel contemplating the filing of any motion shall first contact opposing counsel
8  to discuss thoroughly, preferably in person, the substance of the contemplated
9  motion and any potential resolution.  If the proposed motion is one which under the
10 F. R. Civ. P. must be filed within a specified period of time (e.g., a motion to
11 dismiss pursuant to F. R. Civ. P. 12(b), or a new trial motion pursuant to F. R. Civ.
12 P.  59(a)), then this conference shall take place at least five (5) days prior to the last
13 day for filing the motion; otherwise, the conference shall take place at least twenty
14 (20) days prior to the filing of the motion."

15 It is the exclusive responsibility of the movant to set-up a meet-and-confer
16 meeting.  However, Defendant' never contacted anyone prior to filing their 12(b)(2)
17 motion to dismiss.  See *Declaration of Mathew K. Higbee* ("*Higbee Decl."),* ¶3.
18 By definition this is not good faith, and Defendants motion should be denied in its
19 entirety for failure to comply with this district's rules.

20 **III.   PLAINTIFF HAS MET ITS BURDEN OF PROOF IN**
21 **ESTABLISHING THAT THIS COURT POSSESSES PERSONAL**
22 **JURISDICTION OVER DEFENDANT, THEREFORE, THE SUIT**
23 **AGAINST HIM SHOULD PROCEED.**

24 **a.  Minimum Contacts Standards**

25 The Ninth Circuit has consistently rules that personal jurisdiction over a non-
26 resident defendant is proper where it is consistent with the forum state's long-arm
27 statute and comports with due process of law.  *Fireman's Fund Ins. Co. v. Natl'*
28 *Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).  California's long-arm statute

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

extends jurisdiction to the limits of due process incorporated in the federal Constitution. Cal. Code of Civ. Pro. § 410.10; *Mattel, Inc. v. Greiner and Housser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003). *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

In order to meet due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state such that personal jurisdiction would "'not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). In the Ninth Circuit, "minimum contacts" is satisfied when: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach*, 453 F.3d at 1155 (citation omitted).

Under this "minimum contacts" heuristic, a federal court may obtain either general or specific jurisdiction over a defendant. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). To support a finding of general jurisdiction, a defendant must possess *continuous* and *systematic* general business contacts with a state so as to approximate a physical presence there. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). As the Ninth Circuit has held, "[t]his is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). To establish minimum contacts sufficient to warrant the exercise of limited jurisdiction, a plaintiff must demonstrate that an out-of-state defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state, that the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    that the forum's exercise of personal jurisdiction in the particular case must be

2    reasonable in that it comports with "fair play and substantial justice." *Burger King*

3    *Corp. v. Rudzewicz*, 71 U.S. 462, 477-478 (1985).  See also *Data Disc v. System*

4    *Technology*, 557 F.2d 1280, 1287 (9th Cir. 1997) (adopting, for the Ninth Circuit,

5    this three-part minimum contacts test pursuant to the Supreme Court's Burger King

6    decision).

7          The Ninth Circuit has also stated that where the defendant moves to dismiss

8    for lack of personal jurisdiction, the plaintiff must "make only a prima facie

9    showing of jurisdictional facts to withstand the motion to dismiss.'" *Menken v.*

10   *EMM*, 503 F.3d 1050, 1056 (9th Cir. 2007)(quoting *Doe v. Unocal Corp.*, 248 F.3d

11   915, 922 (9th Cir. 2001)).  Furthermore, "the court resolves all disputed facts in

12   favor of the plaintiff." *Menken*, 503 F.3d at 1056 (citing *Pebble Beach*, 453 F.3d at

13   1154 (9th Cir. 2006)).

14         **b.  Notwithstanding Plaintiff's Allegations In Its Complaint, Defendant's**

15             **Declaration In Support Of Its Opposition And Website Proves That**

16             **It Should Be Subject To Personal Jurisdiction In California.**

17         Here, Defendant's contacts with California is well beyond "internet

18   advertis[ing]" or an isolated letter to forum residents.  In its Complaint, Plaintiff

19   alleges that Defendant has had "affiliated locations in California." (Complaint ¶3).

20   The Complaint also alleges that Defendant has done "extensive advertising directed

21   at California and purports to offer services to be performed in California courts."

22   (Complaint ¶4).  The Complaint further alleges *specific* examples of "unauthorized

23   practice of law" as well as "unfair, deceptive, untrue and misleading advertisement"

24   which Defendant has engaged in, aimed *specifically* at California residents and in

25   violation of various laws of California. (Complaint ¶¶6-7).  Accordingly, Plaintiff's

26   Complaint has established a prima facie showing of jurisdictional facts and is not

27   defective on its face.  Furthermore, Defendant's *very own admission* indicates the

28   substantial volume of business it conducts in California:

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

Since its inception, Defendant has helped 567 customers in California, which makes 225 California customers every year. Generally, Defendant charges a customer $99 for Defendant's services. Thus, the annual gross sale from California amounts to approximately $22,275 (225 x $99). Defendant's business is strong and Defendant will continue this business indefinitely.

*Declaration of Biran Poe* ("*Poe Decl."), ¶8*

In order to service a California client, Defendant's so-called "self-help" packages" must necessarily include forms and instructions that are made specifically for use in California courts. (*Poe Decl. ¶7*). Also, Defendant's website ("www.clearmyrecord.com"), indicates that Defendant has had office locations in both Glendale and Gardena, California. *See Higbee Decl. ¶4, Ex. A.* This contradicts Defendant's claim that "Neither Defendant nor any of its subsidiaries has set an office in the state of California." (*Poe Decl.¶3*). S*ee also Menken v. EMM*, 503 F.3d 1050, 1056 (9th Cir. 2007)("[T]he court resolves all disputed facts in favor of the plaintiff.")(citing *Pebble Beach*, 453 F.3d at 1154).

By maintaining office locations in California, providing jurisdiction-specific legal services to individuals with California convictions, and advertising on various channels in California, which allow it generate over $22,000 in annual gross sales in California, Defendant has not only consummated much more than one transaction in California, but has purposefully availed itself of the privileges of conducting business in California. *Id.* at 1155. Defendant's contacts with California are both *continuous* and *substantial*. Defendant itself admits that its "business is strong and Defendant will continue this business indefinitely." (*Poe Decl. ¶8*).

Under these circumstances, it is reasonable for this Court to exercise both general and specific personal jurisdiction over Defendant. *See In re Tuli*, 172 F.3d 707, 713 n.5 (9th Cir. 1999)("Personal jurisdiction may be either general or specific. Where a defendant engages in a 'consistent and substantial pattern of business relations' in, or has other 'substantial contacts' with, the [forum state],

there may be general jurisdiction over the defendant without regard to the extent of its contacts with the [forum state] during the transaction at issue in a given case.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court denies Defendant's Motion to Dismiss this case for lack of personal jurisdiction.


Respectfully submitted,


Dated:  June  15 , 2009            TURNER GREEN LLP


By: /s/ Imran F. Vakil
      Imran F. Vakil
      Attorney for Plaintiff
      LAW OFFICES OF MATHEW HIGBEE

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION