Kenneth Chong (SBN: 192830)
Yoonju Kim (SBN: 249415)
Law Offices of Kenneth Chong
Professional Corporation
3600 Wilshire Blvd, Ste. 1210
Los Angeles, California 90010
Phone: (213)381-6100 Fax: (213)381-6166

**Defendant EXPUNGEMENT ASSISTANCE SERVICES, Inc.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION-SANTA ANA COURTHOUSE**

| | |
|---|---|
| **LAW OFFICES OF MATHEW HIGBEE ,** a California Corporation, Plaintiff, vs. **EXPUNGEMENT ASSITANCE SERVICES**, a Kentucky Corporation Defendants. | Case No.: SACV 09-651 –AG (ANx) **DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS: PROPOSED ORDER [PURSUANT TO FRCP RULE 12(b)(6) ]** Hearing Date: SEPTEMBER 14 , 2009 TIME: 10:00 AM Case Assigned to: ANDREW J. GUILFORD DEPARTMENT: 10D |

**TO ALL PARTIES AND TO THEIR ATTORNIES OF RECORD;**

Please take notice that on SEPTEBMER 14, 2009 at10:00 AM, in Department 10D of this Court located at 411 West Fourth Street, Santa Ana, CA 92701-4526, Defendant EXPUNGEMENT ASSISTANCE SERVICES, Inc. moves to dismiss the causes of action for

"Unfair Competition and Business Practice,""interference with economic advantage," "Trade Libel Through False Advertising," and "Defamation" of the FIRST AMENDED Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), seeking an order dismissing this action without leave to amend on the ground that the Complaint failed to sufficient facts to state any cause of action. Defendant's Motion to Dismiss is based on each of the following grounds;

**MOTION TO DISMISS BASED ON FRCP RULE 12(b)(6)**

1. Plaintiff failed to state sufficient facts to claim a cause of action for unfair competition and business practice.
2. Plaintiff failed to state sufficient facts to claim a cause of action for interference with economic advantage.
3. Plaintiff failed to state sufficient facts to claim a cause of action for trade libel through false advertising.
4. Plaintiff failed to state sufficient facts to claim a cause of action for defamation.

The Motion will be based on this Notice, Memorandum of Points and Authorities, Exhibits and the complete files and records in this action.

Dated: August 14, 2009

KENNETH CHONG
YOONJU KIM
ATTORNEYS FOR
DEFENDANT EXPUNGEMENT ASSISTANCE SERVICES, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF CLAIM**

INTRODUCTION

PLAINTIFF, Law Offices of Mathew Higbee, an Orange County based law firm, commenced this action against Defendant Expungement Assistance Services ("Defendant"), a Delaware Corporation with principal place of business in State of Kentucky in Superior Court of California, County of Orange. Plaintiff is a private law firm providing legal services in the state of California.

Meanwhile, Defendant is providing court forms, statutes, and instructions through an automated website(www.clearmyrecord.com) to general public nationwide who want to remove their past criminal record at low cost. Defendant's database has downloadable state and federal forms and instructions, which its customers can simply download them through internet. Defendant does not provide a human review or human intervening assistance for its customers. Filling out court forms is up to its customers. Since its inception, Defendant has been successfully and proudly working with individuals who want to get their lives back on track within sprit of the Fair Credit Reporting Act.

One day, Plaintiff found Defendant's website though Internet. Defendant does not have any prior business or personal relation with Plaintiff. Plaintiff has been also operating a website, http://www.recordgone.com/. After Plaintiff discovered Defendant's existence, Plaintiff added in its website a clause that Defendant's practice was fraudulent and demanded general public not to use Defendant's service. Thereafter, Defendant sent a letter though its counsel, requesting Plaintiff remove those defamatory and false representations from the website. Subsequently, Plaintiff commenced this action claiming that Defendant committed various torts causing damages to Defendant.

Upon service of Summons and Complaint, Defendant timely removed this case to Federal District court and moved to dismiss the Complaint for lack of claim under FRCP 12(b)(b). The honorable court granted Defendant's motion to dismiss with leave to amend. On July 27, 2009, Plaintiff filed and served the First Amended Complaint ("FAC").

- 3 -

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS: EXHIBITS: PROPOSED ORDER [PURSUANT TO FRCP RULE 12(b)(6) ]

Now, Defendant moves for dismiss once again on the ground that the First Amended Complaint still does not state sufficient facts to support any claim.

AUTHORITIES

Federal Rule of Civil Procedure Rule 12(b) provides that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion" "(6) failure to state a claim upon which relief can be granted."

Rule 16(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990). The defect must be on its face.

ARGUMENT

1. CONFERENCE OF COUNSEL REQUIREMENT UNDER LOCAL RULE 7-3

Local Rule requires parties to the action to meet and resolve issues before filing a motion to dismiss under Local Rule 7-2. Defendant sent a letter to resolve issues before filing a motion to dismiss for lack of claim on August 3, 2009. However, Plaintiff failed to respond Defendant's request. A true and correct copy of the letter is attached hereto as Exhibit A.

2. UNFAIR COMPETITION AND BUSINESS PRACTICE

California BUSINESS AND PROFESSIONS CODE §17200 provides as follows;

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

In this case, the first cause of action is captioned as unfair competition and business practice. Plaintiff alleges that Defendant violated CAL. BUS. & PROF. CODE§17200 when Defendant provides a criminal record removal service to public. (FAC paragraphs 9 & 13)

For actions brought under §17200, California court has adopted a couple of tests in determining whether Defendant's conduct is "unfair." First test is for a situation where Plaintiff sues its competitor. " When a plaintiff who claims to have suffered injury from a **direct competitor**'s "unfair" act or practice invokes §17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise **significantly threatens or harms competition**." Cel-Tech Communication, Inc. v. Los Angeles Cellular Phone Company, 20 Cal 4th 163, 184-185, (1999); Bardin v. DaimlerChrysler Corporation, 136 Cal. App. 4th 1255(2006).

Second test is proper for broader circumstances. "Unfair" conducts mean conducts which are "immoral, unethical, oppressive, unscrupulous or **substantially injurious to consumers** and requires the court to weigh the utility of the defendant's conduct against the gravity of **the harm to the alleged victim**." (Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal.App.4th 700, 718–719(2001); Pastoria v. Nationwide Ins., 112 Cal.App.4th 1490, 1498 (2001); Bardin v. DaimlerChrysler Corporation, 136 Cal. App. 4th 1255(2006).

Here, based on review of First Amended Complaint, it is unclear whether Plaintiff is a competitor of Defendant. However, both tests have a common element: "harm" element. In this case, assuming every allegation of First Amended Complaint is true, Plaintiff's allegations lack "harm" element even when Defendant applies both tests.

In its First Amended Complaint, Plaintiff merely stated that Plaintiff "has the potential to cause, and has in fact caused, confusion in the market place" and that "Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless enjoined by this Court."(FAC paragraphs 14 & 15)

Such allegations are conclusory at most. The court need not accept conclusory allegations or legal characterizations as true facts. In Re Delorean Motor Co., 991 F2d 1236, 1240, (6th Cir. 1993). Moreover, Defendant is a Kentucky based business offering a self-help criminal record removal package via website. Defendant's service is completely different from the service of

Plaintiff whose service is based on attorney's direct assistance. Thus, Defendant is unlikely a direct competitor of Plaintiff. Needless to say, Plaintiff is not representing target consumers.

Therefore, the first cause of action of Unfair Competition and Business Practice is defective on its face. Hence, it should be dismissed without leave to amend.

### 3. INTERFERENCE WITH ECONOMIC ADVANTAGE

The Cause of action for Interference with economic advantage still fails to state facts sufficient to support (1) actual disruption element and (2) damages element. Hence it is subject to dismissal pursuant to FRCP 12(b)(6).

The second cause of action is captioned as an action for "intentional interference with economic advantage" against Defendant, which has been a cognizable legal theory in California. The present California case law requires "(1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." (Youst v. Longo, 43 Cal.3d 64, 71(1987).

At prior motion, the honorable court granted Defendant's motion on the ground that the Complaint lacked "actual disruption of the relationship" element and "economic harm to the plaintiff proximately caused by the acts of the defendants" element. A true and correct copy of Minute Order is attached hereto as Exhibit B. However, Plaintiff's First Amended Complaint still lacks these elements.

**-Actual Disruption**

Complaint still failed to allege sufficient act showing "the actual disruption of the relationship" element. Plaintiff did add one sentence that "Said relationships were in fact damaged, one of them, irreparably, that has now ended." (Paragraph 22) The disrupted contractor is unclear whether it is an attorney or a webhosting company. This allegation is still conclusory.

The court need not accept conclusory allegations or legal characterizations as true facts. In Re Delorean Motor Co., 991 F2d 1236, 1240, (6th Cir. 1993)

Moreover, the causation is problematic. There is no allegation indicating that Defendant's alleged wrongful conducts actually caused the disruption. Reading of the First Amended Complaint, a reasonable person could reach a completely different conclusion; a bad economy or Plaintiff's own fault caused the disruption and the disruption did not result in damages.

**-Damages**

The damage element has been not properly amended since motion to dismiss for lack of claim. Plaintiff merely stated that "Plaintiffs have been damaged in an amount according to proof that exceeds the jurisdictional minimum for the Superior Court of Orange County."(Paragraph 23) It is still conclusory. In Re Delorean Motor Co., 991 F2d 1236, 1240, (6th Cir. 1993). This type of allegation is "threadbare recital of a cause of action's element." Ashcroft v. Iqbal, 129 S. Ct. 1937 at 1940 (2009). Thus, the Complaint failed to state "damage" element.

In short, Plaintiff failed to allege "actual disruption," "Causation," and "damages" elements in its First Amended Complaint. Thus, the complaint provides insufficient information for Defendant to give a notice why Defendant's Conduct constituted interference with economic advantage. Such defects exist on the face of pleading, Arpin v. Santa Clara Valley Transp. Agency, 261 F3d 912, 915 (9th Cir. 2001).

Therefore, the cause of action for interference with economic advantage should be dismissed without leave to amend.

4. TRADE LIBEL

The Cause of action for Trade Libel fails to state facts sufficient to support (1) disparagement of quality of the product and (2) pecuniary loss. Hence it is subject to dismissal pursuant to FRCP 12(b)(6).

- 7 -

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS: EXHIBITS: PROPOSED ORDER [PURSUANT TO FRCP RULE 12(b)(6) ]

A cause of action for Trade libel is the intentional disparagement of the quality of property. "Unlike classic defamation, [the defamatory statements] are not directed at the plaintiff's personal reputation, but rather at the goods a plaintiff sells or the character of his or her business, as such." Guess v. Superior Court , 176 Cal.App.3d 473, 479 (1985). The disparagement must result in pecuniary damage to the plaintiff. The disparagement may be in the form of a false statement of fact or opinion., 5 Witkin Sum. Cal. Law Torts §573, citing Rest.2d, Torts §§626)." The current law on trade libel comes from the California Court of Appeals decision in Melaleuca v. Clark , 66 Cal.App.4th 1344 (1998). The Melaleuca court held that (1) the defamatory statements may be in the form of opinion or fact, (2) the statement disparaging quality of product must be false, and (3) they must be made with actual malice.

**-Statement Disparaging Quality of Product**

Here, Plaintiff's trade appears to be providing legal services. Based on Plaintiff's allegations, Defendant made statements, i.e. sending letters, to Plaintiff's contractors, not his potential or present clients. More specifically, Defendant "sent threatening letters to attorneys under contact with Law Offices of Mathew Higbee with intent to disrupt the business relationship. The letters made false statements of law and fact about Law Offices of Mathew Higbee, including that Law Offices of Mathew Higbee have violated 'RICO', the Rules of Professional Conduct for attorneys, and defamed or libeled Expungement Assistant Services. The letters also alleged that the Law Offices of Mathew Higbee have committed 'ethical violations' that could create civil and criminal liability for the contract attorney."(FAC paragraph 10) Plaintiff also added that "Defendant published the false factual statements orally and in writing." (FAC paragraph 32).

According to these allegations, Defendant's statements did not concern quality of Plaintiff's legal service. Instead, Defendant's letter complained Plaintiff's improper conducts to Defendant. Moreover, Defendant did not publish Plaintiff's present or potential clients any fact or opinion concerning quality of Plaintiff's service. Defendant simply sent a letter to Plaintiff's

contractors. Therefore, the disparagement of quality of product is missing in First Amended Complaint.

**-Pecuniary Loss**

As discussed above, Defendant's statements were made toward Plaintiff and Plaintiff's business contractors. There is no fact showing that Plaintiff lost any client as a result of Defendant's alleged wrongful conducts. Loss of one contractor should not be interpreted as pecuniary loss under tride libel theory in that the tribe libel deals with reputational damages to the quality of goods or service of Plaintiff and that Plaintiff's contractors are not consumers of Plaintiff. Guess v. Superior Court , 176 Cal.App.3d 473, 479 (1985).

In short, the third cause of action for trade libel is defective and accordingly it should be dismissed without leave to amend.

5. DEFAMATION/SLANDER

The Cause of action for Defamation/Slander fails to state facts sufficient to support defamatory statement of facts. Hence is subject to dismissal pursuant to FRCP 12(b)(6).

California Civil Code §46 provides as follows;

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
> 4. Imputes to him impotence or a want of chastity; or
> 5. Which, by natural consequence, causes actual damage.

//

//

**-Defamatory Statement of Facts**

The statutory definitions of libel in slander "can be meaningfully applied only to statements that are capable of being proved as false or true." Savage v. Pacific Gas & Electric Co., 21 Cal. App. 4th, 434, 445(1993). The reason is that the First Amendment protects statements of opinion, as distinct from statements of fact, against claims of defamation. Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990). Therefore, for Plaintiff to recover under defamation/ slander, Defendant's defamatory statements must have been statements of facts, not opinion. California courts use a "totality of the circumstances" test to determine if a statement is one of fact or of opinion, Baker v. Los Angeles Herald Examiner, 42 Cal. 3d 254, 260(1986).

"The critical determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court and therefore suitable for resolution by demurrer. If the court concludes the statement could reasonably be construed as either fact or opinion, the issue should be resolved by a jury." Campanelli v. Regents of University of California, 44 Cal. App. 4th 572, 578(1996). Since Demurrer procedure of California State Court is equivalent to Motion to dismiss for lack of claim under FRCP 12(b)(6), determining whether Defendant's statements constituted a fact is suitable for resolution by US District Court's Motion to dismiss for lack of claim under FRCP 12(b)(6).

Here, Plaintiff alleges that Defendant "sent threatening letters to attorneys under contr act with Law Offices of Mathew Higbee with intent to disrupt the business relationship. The letters made false statements of law and fact about Law Offices of Mathew Higbee, including that Law Offices of Mathew Higbee have violated 'RICO', the Rules of Professional Conduct for attorneys, and defamed or libeled Expungement Assistant Services. The letters also alleged that the Law Offices of Mathew Higbee have committed 'ethical violations' that could create civil and criminal liability for the contract attorney."(FAC paragraph 10) Plaintiff also added that "Defendant published the false factual statements orally and in writing." (FAC paragraph 32).

Based on totality of circumstances, the letters appears to be merely legal opinion of Defendant. Here, Defendant sent a letter to Plaintiff, a law firm, who has full knowledge of operation of law, other attorneys, and a webhosting company (FAC paragraphs 5& 11). It is not

- 10 -

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS: EXHIBITS: PROPOSED ORDER [PURSUANT TO FRCP RULE 12(b)(6) ]

new for an attorney to send out a demand letter in order to protect right of a client. However, such a letter is merely attorney's legal opinion which has not yet been determined by court or trier of fact. A reasonable person, especially attorneys like Plaintiff and his contactors, under the circumstances would not consider it as a fact.

Therefore, the letter is not defamatory statement of facts. Hence, the cause of action of defamation/slander is defective and it should be dismissed without leave to amend.

## CONCLUSION

For foregoing reasons, the court should enter an order to dismiss all causes of action in the First Amended Complaint without leave to amend.

Respectfully submitted,

Dated: August 14, 2009

Kenneth Chong
YOONJU KIM
ATTORNEYS FOR DEFENDANT EXPUNGEMENT ASSISTANCE SERVICES, Inc.