"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAW OFFICES OF MATHEW HIGBEE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EXPUNGEMENT ASSISTANCE SERVICES,<br><br>　　　　Defendants. | CASE NO. SACV 09-651 AG (ANx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REMAND |

　　　Plaintiff Law Offices of Mathew Higbee ("Plaintiff") has filed a Motion to Remand ("Motion"). Because the court finds that Defendant has not submitted sufficient evidence to show the amount in controversy here exceeds $75,000, the Court GRANTS Plaintiff's Motion.

**BACKGROUND**

　　　This action alleges, among other things, that Defendant Expungement Assistance Services ("Defendant") violated California Unfair Competition Law by engaging in the unauthorized practice of law in California. (First Amended Complaint ("FAC") ¶¶ 8-9, 12-23.) Plaintiff further alleges that Defendant committed defamation and trade libel against Plaintiff by sending threatening letters to attorneys under contract with Plaintiff and to Plaintiff's webmaster that

contained false statements about Plaintiff.  (FAC ¶¶ 10-11, 24-34.)

Plaintiff's original complaint was filed in the California Superior Court.  Defendant later removed the action to this Court, and Plaintiff filed the FAC.  In the FAC, Plaintiff asks that "temporary and permanent injunctions be entered in its favor and against Defendant" from operating any website that attempts to offer criminal record clearing services and from contacting attorneys and vendors who contract with Plaintiff.  (FAC Prayer for Relief, ¶ A-B.)  Plaintiff has also requested compensatory damages and punitive damages in an amount to be determined at trial, as well any other legal and equitable relief the Court chooses to award.  (FAC ¶ C-E.)

Plaintiff now moves to remand this case to the California Superior Court, arguing that the amount in controversy is insufficient to establish federal jurisdiction.

**PRELIMINARY CONSIDERATIONS**

Defendant has filed an Evidentiary Objection to the Declaration of Mathew Higbee and Exhibit A on the grounds that Mr. Higbee lacked personal knowledge of the content of a website and that the website was not authenticated.  The court did not consider this evidence in making its ruling and thus does not reach this objection.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper

2

1  removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). To protect
2  the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of
3  remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock*
4  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Removability is determined as of the
5  time the notice of removal was filed. *See Pullman v. Jenkins*, 305 U.S. 534, 537 (1939).

**ANALYSIS**

Plaintiff argues that federal jurisdiction is improper here because Dependants cannot establish that the amount in controversy is sufficient. The Court agrees.

**1.    Defendant Bears the Burden of Establishing Federal Jurisdiction.**

In cases removed from state court, the removing defendant has "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566). While this burden is normally satisfied if the plaintiff claims a sum greater than the jurisdictional requirement, in a case where the plaintiff does not specify an amount of damages, the defendant "must prove by a preponderance of the evidence that amount in controversy requirements has been met." *Lowdermild v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (quoting *Abrego Abrego*, 443 F.3d at 683); *Gaus*, 980 F.2d at 566.

In this case, Plaintiff asks that "temporary and permanent injunctions be entered in its favor and against Defendant" from operating any website that offers criminal record clearing services and from contacting attorneys and vendors who contract with Plaintiff. (FAC Prayer for Relief, ¶ A-B.) Plaintiff has also requested compensatory damages and punitive damages in an amount to be determined at trial, as well any other legal and equitable relief the Court chooses to award. (FAC ¶ C-E.) Thus, the amount in controversy is not clear from the face of the complaint. Instead, the amount of controversy is based on an injunction that would deprive

1 Defendant of the ability to perform services.  As Defendant has recognized in its Opposition,
2 "[o]nly Defendant has actual and sufficient knowledge to measure the value of potential loss as a
3 result of relief . . . ."  (Opp'n, 8:5-6.)  To avoid remand, Defendant has the burden of establishing
4 by a preponderance of evidence that the amount in controversy requirement is met.

**2.     Amount In Controversy**

When determining the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict fo the plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, and not what a defendant will actually owe.  *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal 2005).

When the amount in controversy is not clear, the defendant "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000."  *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (citations omitted).  Defendants must show more than "a mere possibility that the jurisdictional amount is satisfied" to survive a motion to remand.

The test for determining the amount in controversy in injunctive relief cases is "the pecuniary result to either party which the judgment would directly produce."  *In re Ford Motor Co./Citibank (South Dakota), N.A.*,  264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)).  The parties agree that the appropriate standard for the amount in controversy should be the costs Defendant would incur if the injunction is granted.  (Mot. 4:16-28; Opp. 3:22-24.)

In this case, Defendant alleges that its gross annual sales in California are $22,275, based on the average number of California customers per year multiplied by the current price Defendant charges for its services. (Opp'n 7:11-12.)  In his declaration, Defendant's CEO

alleges that its business is strong, that market tests suggest that Defendant's business will grow, and that it expects to continue the business for an "indefinite period." (Declaration of Brian Poe in Support of Defendant's Opposition ("Poe Decl.") ¶ 8-9.) Defendant does not provide any financial statements or reveal its net sales anywhere in its papers.

Due to Defendant's failure to provide any evidence or data relating to net sales, the Court finds that Plaintiff has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000. By failing to provide such evidence, Plaintiff asks the Court to take its average gross sales of $22,275, make an assumption that this amount includes profits, make a further assumption that the profits will remain at that unknown assumed level each year, and make an even further assumption that this unknown level will continue for at least 3.367 years. The Court is not prepared to make these assumptions. Prior gross sales are not a sufficient measure in the determination of the amount of controversy in this case.

Because the amount in controversy requirement is not met, this Court does not have jurisdiction over this action, and must remand to the Superior Court of California.

**DISPOSITION**

Plaintiff's Motion is GRANTED. This action is remanded to the California Superior Court.

IT IS SO ORDERED.

DATED: September 14, 2009

_____
Andrew J. Guilford
United States District Judge